## L. J. ADAMS, ALIAS S. B. GRAY, v. THE STATE.

No. 1549. Decided January 24, 1912.

**1.—Forgery—Identification.**

Where, upon trial of forgery, the evidence showed the identification of the defendant and supported the conviction, there was no error.

**2.—Same—Preparation for Trial—Newly Discovered Evidence.**

Where it is apparent, from the record on appeal, that the matters which appellant insists he could show if granted a new trial were as well known by him before trial as after the trial, and he made no effort to secure this testimony, and refused to accept the appointment of counsel, there was no error.

Appeal from the District Court of Potter. Tried below before the Hon. J. N. Browning.

Appeal from a conviction of forgery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Cooper, Merrill & Lumpkin,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was convicted in the District Court of Potter County under the sixth count in the indictment, and his punishment assessed at five years confinement in the penitentiary.

It is shown by the record that when this case was set for trial defendant was called upon to show whether he wanted counsel; that he stated he did not; that he would try his own case. Upon the trial of the case E. L. Powell, the party whose name was alleged to have been forged, testified that he saw and talked with a party about the time the forgery was alleged to have been committed, and that the defendant is very much like the party; that he thinks he is the party. C. C. Powell, son of the first party, testified substantially as did the father. Newt Sadler testified that the appellant is very much like and believes he is the party who passed the forged instrument at the bank of which he was cashier. F. J. Sadler, Jr., testified that he went to Greenville, where defendant was confined in jail, to see whether he could identify the prisoner as the man who passed the forged check on the bank at Amarillo. He states that he took a good look at the man just after he passed the check, and that he would recognize and does now recognize appellant as the man, L. J. Adams, who passed the forged check upon the bank. He had no doubt about appellant being the proper man. This and the other evidence in the case fully supports the verdict of the jury and identified appellant as the man who committed the offense.

The only other ground in the motion for a new trial is that appellant was arrested a short while before being placed on trial; that he was given no opportunity to get assistance; that had he been given assistance he would have shown that he was not the party who passed the alleged forged instrument, and he further complains that after conviction he was afforded no opportunity to communicate with newly discovered witnesses that he might properly present this motion for new trial. The evidence shows that he had all the opportunities to present his case both before and after conviction. It is apparent that the trial was had and the appellant convicted on the 20th day of February, and that directly after his conviction his brother called upon him at the jail, and the motion was not acted on until the last day of March. It is apparent from the record that the matters which appellant insists he could show if granted a new

trial were as well known by him before his trial as they could have been after the trial, and he made no effort to secure this testimony. When the court offered, to appoint counsel to represent him some days before the trial, he stated he did not desire counsel. If he was in Chickasha, Oklahoma, on the day on which he was accused of passing the forged instrument, he knew that fact from the beginning, or if he was in Chickasha and registered at a hotel, or if he purchased goods in Chickasha or deposited money in a bank in Chickasha all of these facts were as well known to him before the trial of this cause as afterwards, yet he made no attempt to get the witnesses before the court, nor represent to the court before nor at the time of the trial that there was any testimony he desired to obtain. These facts, if facts they be, being as well known to appellant before and at the time of the trial as they were subsequent to the trial, a party can not speculate on the result, announce ready for trial, and then if convicted, ask for a new trial to obtain evidence which he knew, but made no effort to secure prior to the trial. If appellant at the time the case was called had stated these matters to the court and asked for a postponement until he could secure this evidence, there might be some equity in the motion. But the necessity for this evidence being as apparent before the trial as it was subsequent to the trial, there is no merit in the contention. The authorities are collated under section 1149, White's Annotated Code of Criminal Procedure, subdivisions 3 and 4.

The judgment is affirmed.

*Affirmed.*