### Ruby Perry v. State.

#### No. 2273. Decided March 26, 1913.

1.—Robbery—Bills of Exception—Filing.

Where, upon appeal from a conviction of robbery, it appeared from the record that the bills of exception were not filed within time, they were stricken out on motion of the State.

2.—Same—Statement of Facts—Practice on Appeal.

Where appellant filed a motion in the trial court asking that the original statement of facts in question and answer form as made up by the stenographer be sent up, which was overruled, and he thereupon accepted the bill of exceptions, as qualified by the court, it is too late to complain in this court, and this cannot be shown by ex parte statements.

3.—Same—Evidence—Witness—Convict—Pardon.

Upon trial of robbery, there was no error in the ruling of the court below that a conviction of a State's witness could not be proved orally, but that the judgment of conviction is the best evidence.

4.—Same—Evidence—Convict—Pardon.

Where the court permitted the defendant on cross-examination of a State's witness for purposes of impeachment to show orally that the witness was convicted and afterwards pardoned, there was no error.

5.—Same—Evidence—Judgment of Conviction—Bill of Exceptions.

In the absence of a bill of exceptions embracing the judgment and sentence of conviction, this court cannot pass on the question that such judgment was offered in evidence.

6.—Same—Evidence—Date of Offense—Limitation.

Where the indictment alleged the date of the offense on or about a certain date, there was no error in admitting testimony that the offense occurred within the period of limitation. Following Cudd v. State, 28 Texas Crim. App., 124, and other cases.

**7.—Same—Evidence—Conversation.**

Where the State's witness was detailing the conversation with defendant in regard to committing the robbery, there was no error in admitting in evidence a part of the same conversation.

**8.—Same—Evidence—Accomplice—Corroboration.**

Where it became necessary to corroborate the accomplice testimony relating to an agreement at a certain place to commit the alleged robbery, there was no error in admitting testimony that the accomplice and the defendant were seen at that place, fixing the time by the occurrence of the said robbery.

**9.—Same—Evidence—Circumstances.**

Upon trial of robbery, there was no error in admitting testimony that the State's witness loaned the defendant some money and that the day after the robbery, he paid it back, and that defendant had no money prior to said date.

**10.—Same—Evidence—Identification—Opinion of Witness.**

Upon trial of robbery, there was no error in permitting the State's witness who was alleged to have been robbed to testify that in his opinion defendant was one of the men who committed the robbery. Following Coffman v. State, 51 Texas Crim. Rep., 478, and other cases.

**11.—Same—Impeaching Own Witness—Surprise.**

Upon trial of robbery, there was no error, under Article 795, Code Criminal Procedure, to permit the State who claimed surprise to show that its witness had made a different statement as to the party who committed the robbery from the one he had made on the stand.

**12.—Same—Evidence—Flight.**

Upon trial of robbery, there was no error in permitting the State to show that shortly after the alleged robbery search was made for the defendant and he could not be found, and that he was subsequently arrested in a distant county.

**13.—Same—Bills of Exception.**

Where the bills of exception were not filed within time, but this court, nevertheless, considered them that there might not be any complaint, there was no reversible error.

**14.—Same—Sufficiency of the Evidence—Requested Charge.**

Where the court's main charge covered the requested charges except one, which instructed the jury to acquit peremptorily, and the evidence sustained the conviction, there was no error.

**15.—Same—Circumstantial Evidence—Charge of Court.**

Where the evidence was positive, there was no error in the court's failure to charge on circumstantial evidence.

**16.—Same—Accomplice Testimony—Charge of Court—Alibi.**

Where, upon trial of robbery, the court instructed on alibi and accomplice testimony according to approved precedent, there was no error. Following Brown v. State, 57 Texas Crim. Rep., 570.

**17.—Same—Practice on Appeal.**

The presumption that the court below acted fairly in regard to giving bills of exception must prevail in this court, until it otherwise appears from the record.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The State's testimony showed substantially that the defendant and his codefendant agreed to rob a street- car, said codefendant being under age; that they met at a certain place to make this agreement, and afterwards carried it out by entering a certain street car at night and robbing the street car conductor and the motorman of the cash they had in their pockets, and that they used firearms in carrying out their purpose; that said codefendant plead guilty in the Juvenile Court and, after being pardoned, testified to said agreement with defendant and the details of the robbery, and his testimony was corroborated by various circumstances as disclosed in the opinion of the court.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was convicted of robbery and his punishment assessed at five years confinement in the penitentiary.

The State has moved to strike the bills of exception from the record because not filed within the time permitted by law. The motion is well taken, but should we consider same, they are brought to us in a way that appellant himself complains that they do not properly present the questions. Appellant filed a motion in the trial court, asking that the original statement of facts, in question and answer form, and as made out by the stenographer, be sent up, which request was by the court refused. He alleges that he did this in order that we might turn to this record and decide whether he or the trial judge is right in certain contentions. Our decisions aptly point out appellant's remedy, if the court improperly qualifies a bill of exceptions in approving it. (Blain v. State, 34 Texas Crim. Rep., 448.) If appellant does not except to the action of the court in doing so, but accepts the bill as thus qualified, it is too late to complain in this court of the qualification. These matters must be contested in the trial court, and the record presented in a way that it in and of itself presents the erroneous ruling complained of. This can not be shown by ex parte statements in this court. We must accept the verified record sent to us, and act on the questions as thus presented.

In the first bill it is stated that the appellant objected to Oney Bompart being permitted to testify on the ground that he had been convicted and sentenced to the penientiary. In approving this bill the court states: ''This bill of exceptions is incorrect in almost every particular. The facts are that defendant's attorney wanted to stop the examination in chief of the witness Oney Bompart and prove by the witness orally that he had been convicted of robbery in connection with this case. The court ruled that this could not be done by

oral proof, but the record proof must be offered. The defendant's counsel then asked that the clerk be required to produce the record of the conviction. The court informed counsel that the cause was not tried in this court but was transferred to the juvenile court. He took no exception to the language of the court, for the court was telling counsel as a matter of information where he could find record. It is untrue that defendant ever produced the record, or a certified copy of it, or that the court refused to allow time to prove the conviction by the record. The court did rule against him on his contention that he could prove the conviction orally by the witness for the purpose of diqualifying the witness. The court did allow defendant's attorney on cross-examination of the witness for purposes of impeachment to prove by him that the witness had been convicted, and afterward pardoned by the Governor. The only exception he took was to the court's ruling that the witness could not be disqualified by oral proof of his conviction. To this extent only is the bill approved.''

If as now contended by appellant he offered in evidence the judgment and record, and the court refused to permit him to introduce same, he should have copied in the bill presented the judgment and sentence which he offered in the bill of exceptions. This was not done, and the record before us does not contain the judgment nor sentence. If the court would not allow him time to get it at that time, he certainly had time during the trial to obtain it, and when he had done so he could have presented a written motion to strike out the testimony of this witness, attaching to it a copy of the judgment and sentence, and thus placed it in the record. In the absence of any such showing we must conclude that the court is correct in his qualification, and it has been the unbroken rule of decision in this court that where one proves orally by a witness that he has been convicted of a felony, and the court admits it solely on the question of credibility of the witness, and the witness also states orally at the time he has been pardoned, it is not error to permit the witness to testify. McNeal v. State, 403 S. W. Rep., 792; Bratton v. State, 34 Texas Crim. Rep., 477.

Those bills that complain that whereas the indictment alleged that ''the offense was committed on or about the 3rd day of December, that the court erred in permitting the witnesses to testify that the offense occurred on December 23rd,'' present no error. The State could prove any date within the period of limitation. (Cudd v. State, 28 Texas Crim. App., 124; Abrigo v. State, 29 Texas Crim. App., 143; Crass v. State, 30 Texas Crim. App., 480; Shuman v. State, 34 Texas Crim. Rep., 69.)

The State's witness testified that on the night of the alleged robbery appellant asked Dodd to come and go with them, when, ''Dodd replied he would like to do so, but he had a case against him in County Court.'' Appellant complains that this testimony was admitted. The State's witness was detailing a conversation had with appellant in

regard to committing this robbery, and this was a part of the same conversation, and was admissible.

The witness King was permitted to testify that Oney Bompart (State's witness) worked for him and that appellant was with the witness at the time and place stated by him, and he fixed the date by saying that he learned of the robbery next morning. All this testimony was admissible, as it was necessary for the State to corroborate the accomplice testimony, and the accomplice had testified to an agreement to rob had been entered into at King's place of business at that time and on that date.

Mrs. C. J. Brown testified that a few days before the robbery she had loaned appellant some money, and that on the day after the robbery appellant had paid her back. This was admissible as a circumstance in the case. The motorman being robbed of money on Friday night, it was permissible to show that appellant had no money prior to that date, but had money the day after the robbery. One of the street car operators who was robbed testified that in his opinion appellant was one of the men who committed the robbery—who covered him with a pistol while Bompart went through their clothing and got their money. In questions of identity it is always permissible for the witness to thus testify. Brooks v. State, 37 Texas Crim. Rep., 739; Coffman v. State, 51 Texas Crim. Rep., 478; Tate v. State, 38 Texas Crim. Rep., 261.

The witness Smallwood was introduced by the State, and he giving testimony materially damaging to the State's case, counsel for the State stated they were taken by surprise and were permitted to prove that he had made statements materially different to what he testified on the trial. Article 795 of the Code of Criminal Procedure provides that "the rule that a party introducing a witness shall not attack his testimony is so far modified as that any party, when facts stated by the witness are injurious to his cause, may attack his testimony in any other manner except by proving the bad character of the witness." In this case there can be no question that the testimony of Smallwood was injurious to the State, for he testified appellant was not the person who committed the robbery, and under such circumstances the court did not err in permitting witnesses to state what Smallwood had said about appellant being the party who committed the robbery just before going on the stand. (For a list of authorities see section 1046 White's Ann. Code Crim. Proc.)

There was no error in permitting the State to show that shortly after the robbery search was made in Dallas for appellant, and he could not be found, and that he was subsequently arrested at Lubbock, Texas. It is always permissible to show the flight when charged with crime. (Campos v. State, 50 Texas Crim. Rep., 102; Benavides v. State, 31 Texas Crim. Rep., 173, and cases cited in sec. 350, Branch's Crim. Law.)

There are some other bills in the record of the same character as

those herein ruled on, and we have carefully read each of them, although none of them were filed within the time allowed by order of the court and the laws of this State, but in order that there might be no complaint we have considered and find none of them present reversible error.

The special charges requested insofar as they are the law of the case, were fully covered by the court's main charge, and it was not error for the court to refuse to instruct the jury peremptorily to acquit the defendant. Bompart positively testifies to appellant's participation in the robbery; he is corroborated in many particulars, and the testimony of W. L. Click would be sufficient corroboration of the accomplice to support a conviction.

It was not necessary for the court to charge on circumstantial evidence. The witnesses Bompart and Click made it a case of positive testimony. (See sec. 203, Branch's Crim. Law.) ·

The court's charge on accomplice testimony has been frequently approved by this court. (Brown v. State, 57 Texas Crim. Rep., 570.) Also the charge on alibi. In fact, the court's charge fully submits every issue raised by the testimony, and the judgment should be affirmed.

We regret to have records come to us in the condition of this case, where counsel for appellant complains so bitterly of the trial court, and especially his action in regard to his bills of exception, but counsel must bring these matters before us in a way authorized by the law, otherwise we can not review the matter. This court must and does presume that the trial judges in this State will act fairly towards all attorneys appearing in their court, and give to persons accused of crime a fair and impartial trial, and this presumption will be indulged until by the record it is made to appear otherwise.

The judgment is affirmed.

*Affirmed.*

[Delivered March 26, 1913.]