### JOHN JENKINS v. THE STATE.

#### No. 4538.   Decided June 20, 1917.

**1.—Theft of Cattle—Accomplice—Corroboration—Sufficiency of the Evidence.**

Where, upon trial of theft of cattle, the accomplice's testimony was sufficiently corroborated to sustain the conviction there was no reversible error.

**2.—Same—Rule Stated—Accomplice Testimony.**

A very safe rule in testing the sufficiency of the corroboration as tending to connect the defendant with the offense is the elimination of the testimony of the accomplice, and then ascertain from the remainder of the facts whether there is evidence, either positive or circumstantial, which tends to connect the defendant with the commission of the crime; and, if so, the accomplice is corroborated, and applying this rule to the facts in the instant case, the conviction is sustained.

**3.—Same—Evidence—Weight of Testimony—Identification—Opinion of Witness.**

Where, upon trial of theft of cattle, the State's witness testified that to the best of his knowledge one of the men in possession of this cow was defendant, and that he had known him for quite a while, the same is not opinion testimony, but its weight is to be determined by the jury. Following Tate v. State, 35 Texas Crim. Rep., 231, and other cases.

Appeal from the District Court of Harrison.   Tried below before the Hon. P. O. Beard.

Appeal from a conviction of cattle theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

. *F. M. Scott* and *L. H. Betts,* for appellant.—On question of identification of defendant: Pool v. State, 48 Texas Crim. Rep., 478, 88 S. W. Rep., 350; Sweat v. State, 77 Texas Crim. Rep., 287, 178 S. W. Rep., 554.

On question of corroboration: Weldon v. State, 10 Texas Crim. App., 400; Munson v. State, 32 S. W. Rep., 1041; Jones v. State, 59 Texas Crim. Rep., 559, 129 S. W. Rep., 1118; Fair v. State, 72 Texas Crim. Rep., 95, 160 S. W. Rep., 1187.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of accomplice testimony: Nourse v. State, 2 Texas Crim. App., 317; Warren v. State, 67 Texas Crim. Rep., 273, 149 S. W. Rep., 130; Holmes v. State, 70 Texas Crim. Rep., 214, 157 S. W. Rep., 493; McCue v. State, 75 Texas Crim. Rep., 137, 170 S. W. Rep., 280; Myers v. State, 7 Texas Crim. App., 658.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of cattle theft, his punishment being assessed at two years confinement in the penitentiary.

The main insistence of appellant is that the evidence is insufficient in that the accomplice was not corroborated as required by law. This he presents in different ways, among others, requesting the court to charge the jury to acquit because the evidence is not sufficient. We deem it unnecessary to go into anything like a detailed statement of the facts.

The State's case is made by the testimony of the accomplice, who swears pointedly and positively to the fact that he and defendant stole the cow, carried it to defendant's house, and the next morning carried it to Mr. Luther, who bought it, paying therefor $20. To corroborate this witness the State introduced a witness who testified that at night he saw two men going along the road with a cow. One of these he identified "to the best of his knowledge" to be defendant. This is the cow it is supposed accomplice and defendant drove to appellant's home. That appellant went with the accomplice from his house to Mr. Luther's with the stolen cow is conceded. Mr. Luther testified that he was at home at the time engaged with his wife in canning fruit, and dressing some fresh fish. This was in the rear of his residence. While there appellant came around the house and informed him that there was a boy at the front, at least on the opposite side of the house, who had a cow for sale. Mr. Luther went to and talked with the accomplice Kennedy, and finally purchased the animal. Appellant, by the weight of the testimony, is shown to have remained behind the house with Mrs. Luther and another party or two, assisting her in the fruit matter and dressing the fish. Appellant admits that the cow was brought to his house at night by the accomplice Kennedy, but he states Kennedy told him he had bought the cow. The animal was brought there somewhere in the neighborhood of midnight. Mr. Luther testifies that de-

fendant was, in a qualified sense, in his employment, that is, appellant would ascertain where cattle could be bought and give him this information. Luther was in the business of purchasing cattle, and would make the trade if it suited him, employing appellant to drive the cattle home, paying him from one to two dollars, owing to the distance and the trouble, etc. Not long prior to the time of the theft of this head of cattle, defendant informed Mr. Luther that the alleged owner, Brown, had cattle for sale. Luther went with him to look at the cattle, and Brown declined at the time to sell. This cow, it seems, was one of the bunch of five or six head of cattle. This was shortly before the theft.

We are of opinion that this evidence is sufficient to corroborate the accomplice. A very safe rule in testing the sufficiency of the corroboration as tending to connect is the elimination of the testimony of the accomplice, and then ascertain from the remainder of the facts whether or not there is evidence, either positive or circumstantial, which tends to connect the defendant with the commission of the crime. If so, the accomplice is corroborated. Eliminate the accomplice, we have these facts: that appellant and Mr. Luther went to look at Brown's cattle, who declined to sell. One of these cattle is found in possession of defendant and the accomplice at Luther's house, nine or ten miles from the place where Brown lived and about five or six miles from appellant's residence. Appellant's conversation with Luther notifying him of the fact that the accomplice had the cow and wanted to sell it, and his other statements that he accompanied the accomplice with the cow, stand out as some of the circumstances; and the identification, though weak, by the witness that defendant was one of the men in charge of the cow the previous night. Appellant also admits that Kennedy brought the cow to his house late or about midnight on the night prior to selling to Luther. While these facts in and of themselves might not be sufficient to predicate a conviction, yet they form the basis of connecting the defendant with the theft. Of course, they might be explained, but here is a stolen cow; the party is in possession, and no explanation given at the time except that his accomplice, a man who helped him bring the cow there, wanted to sell it and that the accomplice brought the cow to appellant's house and appellant was not connected with the caption or taking. In looking for corroboration we look at the facts which would connect the defendant with the commission of the offense. If these are explained it then is a question to be settled by the jury under proper instructions. So we think the evidence is sufficient tending to connect the defendant with the commission of the crime and thus corroborates the accomplice.

Appellant assigns as error the introduction of the testimony of the witness Foreman. He stated, in substance, with reference to seeing this cow the night before carried by two men, that he did not know who they were, but to the best of his knowledge one of the men in possession of the cow was appellant; that he had known appellant for quite a while. Appellant excepted to this because it was not positively

sworn; that it was an opinion, and, therefore, incompetent and inadmissible. We can not agree with this contention under this record. The matter underwent some investigation in an opinion by Judge Henderson in Tate v. State, 35 Texas Crim. Rep., 231. In Harris v. State, 62 Texas Crim. Rep., 235, Judge Prendergast wrote at length upon the question, adhering to the rule laid down in the Tate case. To the same effect is Bowen v. State, 60 Texas Crim. Rep., 595; Sparkman v. State, 61 Texas Crim. Rep., 429; Perry v. State, 69 Texas Crim. Rep., 644, 155 S. W. Rep., 263. While this evidence was not very decisive or strong, yet it was a circumstance the weight of which was to be passed on by the jury in summing up their conclusion.

The judgment is affirmed.

*Affirmed.*