H. D. MORSE, JR. V. THE STATE.

No. 10248.   Delivered February 2, 1927.

Rehearing denied April 27, 1927.

</div>

**1.—Theft, a Felony—Accomplice Testimony—Sufficiently Corroborated.**

Where the accomplice testified that he and appellant stole the car in Beaumont and took it to Houston where appellant sold it to a Mr. Verhelle, from whom the car was recovered by the owner, Verhelle testified that he bought the car from a man whom he thought was the appellant. Another witness testified that he saw the men when they drove up to Verhelle's place and that he thought sure one of them was the appellant. This corroboration of the accomplice testimony was sufficient.

**2.—Same—Charge of Court—On Accomplice Testimony—Erroneous, But Not Reversible.**

In his charge on accomplice testimony, the trial court followed the form as laid down in Campbell v. State, 57 Tex. Crim. Rep. 301, which has often been criticised since, and in some cases would be entirely inapplicable and might necessitate reversal. However, under Art. 666, C. C. P., 1925, this error in the charge in the case before us, does not seem capable of such injury to the rights of the accused as to call for a reversal. See Watson v. State, 90 Tex. Crim. Rep. 576; Abbott v. State, 94 Tex. Crim. Rep. 31; Spears v. State, 102 Tex. Crim. Rep. 86.

<div align="center">ON REHEARING.</div>

**3.—Same—Accomplice Testimony—Corroboration—Rule Stated.**

In determining the sufficiency of the corroboration of an accomplice witness, it is necessary to keep in mind the rule that corroboration testimony need not be sufficient to establish the guilt of the accused, because if this were required the testimony of the accomplice would be valueless. See Nourse v. State, 2 Tex. Crim. App. 304. Branch's Ann. P. C., Sec. 717, and authorities cited.

**4.—Same—Continued.**

Where corrobative evidence is introduced, it is a question for the jury to determine whether such testimony "tends" to connect the accused with the commission of the offense. Unless this court can say that there was an entire absence of corroborative evidence, or that such that is claimed so

to be, is entirely without probative force, we would be unwarranted in invading the province of the jury in that regard. See Grant v. State, 148 S. W. 760, and Adams v. State, 143 S. W. 185.

**5.—Same—Evidence—Of Identity—Rule Stated.**

Where the question of identity is in issue, a witness may state his belief, or best judgment, as to the identity of a person, and the fact that a witness cannot be positive in his identification goes to the weight of the testimony and is for the jury. See Branch's P. C., Sec. 2483, for collation of authorities; also Tate v. State, 35 Tex. Crim. Rep. 234, and Perry v. State, 155 S. W. 265.

Appeal from the District Court of Jefferson County. Tried below before the Hon. J. D. Campbell, Judge.

Appeal from a conviction for theft, a felony, penalty two years in the penitentiary.

The opinion states the case.

*Heidingsfelder, Kahn & Branch* of Houston, for appellant. On corroboration of accomplice, appellant cites: Tollett v. State, 44 Tex. Crim. Rep. 95; Hernandez v. State, 43 Tex. Crim. Rep. 80.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Jefferson County of theft, punishment two years in the penitentiary.

One Nichols testified that he and appellant stole the car in question from near the Heisig hotel in Beaumont on July 2, 1924, and took it to Houston where it was sold by appellant to Mr. Verhelle, witness being present at the sale, which was made at a garage on San Jacinto street, in Houston. This witness further testified that he had seen the car, since it had been recovered and brought back to Beaumont, in possession of its owner. This testimony, if true, would make out a complete case of theft against appellant. Under our practice there would remain only the question of other evidence than that of the witness referred to which would tend to connect appellant with the theft, and if such be produced the case would meet the requirements of the law. Verhelle testified that he bought the car in August or September, 1924, and that he either purchased it or saw it first at a garage on San Jacinto street, in Houston. He returned the car to parties who came and later claimed it. This witness further said that appellant looked like the man who sold him the car, but he could not swear beyond a reasonable doubt that he

was the man. He also said, "I think he is the man who sold me the car." He affirmed that the man whom he took to be appellant, Morse, and from whom he bought the car, had on a white hat. Witness Cardino testified that he saw the men when they drove up to Verhelle's place and that one of them had on a white hat, "and I thought sure it was Mr. Morse, but I wouldn't be sure of it." We have here then a case in which the accomplice swore that the man who sold the stolen car to Verhelle was appellant Morse—Verhelle testifying that he thought the man was Morse, and that the man looked like Morse, and have Cardino saying he thought sure it was Morse whom he saw on the occasion at Verhelle's place. We are unwilling to say that the evidence of Verhelle and Cardino does not "tend to connect" appellant with the theft.

The learned trial judge fell into error by giving the charge on accomplice testimony in the form as laid down in Campbell v. State, 57 Tex. Crim. Rep. 301, which has been often criticised since, and in some cases would be entirely inapplicable and might necessitate reversal. In Watson v. State, 90 Tex. Crim. Rep. 576, 237 S. W. 298, a similar charge was given, and we affirmed the case, saying that while the charge was erroneous in that it told the jury they could convict if they believed the testimony of the accomplice was true and that it connected the defendant with the offense, etc., still it was not error of such gravity as would call for a reversal because the facts in evidence showed that the testimony of the accomplice did more than merely connect the accused with the crime—it made out a complete case against him if true. This holding is approved in Abbot v. State, 94 Tex. Crim. Rep. 31, 250 S. W. 188, and Spears v. State, 102 Tex. Crim. Rep. 86, 277 S. W. 142. We think the reasoning applies here. The testimony of the accomplice was sufficient, if the jury believed it true, to make out the case, and we are of opinion that there was evidence in the record aliunde tending to connect him with the theft. We do not reverse cases for errors in the charge unless such errors seem capable of injury to the rights of the accused. Art. 666, 1925 C. C. P. We have thus substantially considered and discussed the two bills of exception raising the error of the charge and the sufficiency of the evidence.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant insists that we were in error in holding the evidence sufficient

to corroborate the accomplice witness Nichols, and asks us to review the evidence upon this point. This we have done. In determining the question raised it is necessary to keep in mind the rule that corroborative testimony need not be sufficient to establish the guilt of the accused because if this was required the testimony of the accomplice would be valueless. (Nourse v. State, 2 Tex. Crim. App. 304, Branch's Ann. Tex. P. C., Sec. 717, and authorities there collated.) It was established by evidence other than that of the accomplice that the car in question was stolen in Beaumont on the night of the second day of June, and was sold by some one to Verhelle in Houston the latter part of August or first of September thereafter. If it be established that appellant sold the car (he being shown to be in possession of property recently stolen) it would support the conviction. Nichols' testimony is positive that he and appellant stole the car in Beaumont and that appellant sold it to Verhelle in Houston, but Nichols being an accomplice other evidence of some criminative fact must be found in the record which corroborates Nichols and which *tends* to connect appellant with the commission of the theft. If this corroborative testimony *tends* to show that appellant sold the car to Verhelle it would be sufficient. Upon the question of identity a witness may state his belief, or best impression, or best judgment, as to the identity of a person, and the fact that a witness cannot be positive in his identification goes to the weight of the testimony and is for the jury. (See Branch's Ann. Tex. P. C., Sec. 2483, for many authorities; also Tate v. State, 35 Tex. Crim. Rep. 234, 33 S. W. 121; Perry v. State, 155 S. W. 265.) The substance of Verhelle's testimony is that to his best judgment appellant was the man from whom he purchased the car. There is no testimony in the record that Nichols and appellant were at Verhelle's place of business any other time than on the occasion when Verhelle bought the car. Cardino, who was acquainted with appellant, testified as follows:

"I saw Mr. Morse, Jr., at Mr. Verhelle's place that day when they drove up. As they drove off I drove up and one of the men had on a white hat and I felt sure it was Mr. Morse, but I wouldn't be sure of it. I didn't take a good look at him. I wouldn't say positively it was Mr. Morse because I did not take a good look at him. He was driving off as I drove up. I wouldn't say it was really him. I could not tell you how long it was after I saw the man drive off until Mr. Verhelle got the car. I do not know just exactly when he got it. * * * At the time I am talking about seeing a man I could not see the man

much, just saw a slight view of him.    I wouldn't undertake to swear to the jury that I saw Mr. Morse there at all that day."

We think Cardino's testimony when analyzed amounts to him saying that on the occasion he saw the parties at Verhelle's he was under the impression that one of them was appellant, although he could not be positive about it.    Now, the question is, does the testimony of Verhelle and Cardino, or either of them, *tend* to show that appellant was the man who sold the car to Verhelle?    Assuming that the jury would not under the court's instructions have convicted in the absence of corroborative evidence, we must conclude that the jury accepted their testimony as corroborative of Nichols.    Unless this court can say there was an entire absence of corroborative evidence, or that such as is claimed so to be is entirely without probative force, we would be unwarranted in invading the province of the jury in that regard.    As throwing some light upon the question we refer to the cases of Grant v. State, 148 S. W. 760, and Adams v. State, 143 S. W. 185.    It is our opinion that under the facts we would be unauthorized to hold that the corroborative evidence is insufficient.

The motion for rehearing is overruled.        *Overruled.*