TOM MISKELL v. THE STATE.

No. 17336. Delivered March 20, 1935.

The opinion states the case.

214

*Jno. R. Francis,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft; punishment, two years in the penitentiary.

The State relying upon appellant's possession of recently stolen property as proof of his theft of a car, the case became one of circumstantial evidence, and in his brief appellant merely stresses the well-settled proposition that in such case the testimony must exclude every other hypothesis except that of the guilt of the defendant, and must lead the minds of the jury to a well-settled conviction of his guilt. The authorities cited in appellant's brief merely support said well-settled proposition. Appellant urged that the identification of himself as the seller of a tire from the stolen truck to one Hall is not sufficient to support his conviction. We can not agree with him. The issue is one for the jury, and they have settled it against appellant,— the only question before us being whether there was before the jury testimony from which such identification might be legally determined. In Harris v. State, 62 Texas Crim. Rep., 235, the subject mentioned is discussed upon citation of many authorities, both text writers and opinions of the courts. The exact point is that the State's main witness,—after positively identifying appellant in several various statements,—upon cross-examination was not quite as positive as he had been. In the Harris case, supra, it is said: "Such 'best judgment,' opinion, or belief as to the identity may or may not be believed by the jury just as any other fact testified to by a witness." Williams v. State, 60 Tex. Crim Rep., 453; Holt v. State, 57 Texas Crim. Rep., 432, and Crumes v. State, 28 Texas App., 517, are cited.

It is also said that by the expression "best judgment" is meant substantially the same thing as opinion or belief of the witness, it being held that "best judgment" means substantially the same thing as the opinion or belief of the witness. The above case is cited with approval by Judge Davidson in Jenkins v. State, 81 Texas Crim. Rep., 508. In Cooper v. State, 23 Texas, 331, we observe the following statement: "If called as a witness, I may express my opinion, that the man before me is the same man whom I knew in another place. My opinion is entitled to some weight, because it is the statement of a fact, about which, to be sure, I cannot speak with absolute certainty, but yet with so much certainty, as, perhaps, to satisfy the minds of others, that the thing stated is a fact."

In Buzan v. State, 59 Texas Crim. Rep., 213, the conviction was affirmed, the identity of the accused being supported only by the testimony of a man who saw the face of the accused through a window and testified that in his opinion it was the accused. See also Adams v. State, 143 S. W., 185; Morse v. State, 106 Texas Crim. Rep., 520; Foster v. State, 111 Texas Crim. Rep., 278. In the Morse case, supra, we held that upon the question of identity a witness might state his belief, impression or his best judgment,—and the fact that he was not positive in his identification goes to the weight of the testimony and is for the jury. In the Foster case, supra, as in the one before us,—the witness positively affirmed the fact of identity, but upon cross-examination he wavered. We affirmed the case upon the proposition that,—as here appears,—the witness first positively identified the accused, but on cross-examination qualified such identification, citing Jacobs v. State, 208 S. W., 917. Evidently the State was inclined to the view that the witness Hall was influenced in qualifying his identification of appellant upon cross-examination by the fact, as admitted by Hall, that appellant's counsel had on different occasions represented witness as an attorney. Be that as it may, the facts show that the meeting between appellant and the man from whom he said he bought the alleged stolen tire, was not just upon one casual occasion. The witness had bought casings from appellant more than once, and had appeared in court as a witness against appellant. We would be unwilling to hold the jury not within their discretion to accept the positive identification of appellant by the witness because of the fact that subsequently the witness qualified said positive identification. The witness still insisted all the way through that in his best judgment the party who sold him the casing taken off the alleged stolen truck was in fact this appellant.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*