

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

March 30, 1966

Honorable James A. Williams
County Attorney
Blanco County
Johnson City, Texas

Opinion No. C-643

Re: Whether an officer, by vir-
tue of a valid search war-
rant issued to search for
a stolen TV set, and in ad-
dition to finding the des-
cribed TV set, also finds a
typewriter which had been
reported stolen at another
time, may legally take pos-
session of the typewriter
and related questions; and
construction of Article
42.13, C.C.P., relative to
the stated facts.

Dear Sir:

In an opinion request of this office you submit the
following fact situation:

> "'A' (A law officer) armed with a prop-
> erly drawn search warrant describing a 19
> inch portable General Electric TV, Model
> 0000. Searches premises, finds and takes
> possession of TV. He also finds a type-
> writer which had been reported stolen at
> another time."

The above fact situation raises, in substance, the
following questions: 1. May the law officer legally take
possession of the typewriter? 2. Will the stolen typewriter
provide the basis for a charge of theft or a charge of re-
ceiving and concealing stolen property? 3. May the type-
writer be introduced in evidence?

In answer to Question No. 1, it is the opinion of this
office that the typewriter may be seized, if it is discovered
by the law officer during a lawful execution of a valid search
warrant. A similar question was raised in the case of Daltwas
v. State, 375 S.W.2d 732 (Tex.Crim. 1964). This case involved

a search warrant which was issued to search for heroin. Marihuana was discovered, but not heroin. The Court said "Any contraband such as marihuana, although not specifically named in the warrant, may be legally seized when it is observed during a lawful execution of a valid search warrant issued for heroin."

In the case of Burks v. State, 260 S.W. 181 (Tex.Crim. 1924), the court stated:

"A holding that would lead to the inevitable conclusion that officers who went into the house of one suspected of crime, armed with a valid search warrant accurately describing the things they were privileged to search for, who in the course of their search found property undeniably stolen or weapons admittedly used in the commission of homicides or other crimes, could not produce the articles thus found in an attempt to prosecute the possessor of the premises or of the property, for theft or receiving stolen property, or murder or burglary as the case might be, and thus deprive the government of its right to prosecute offenders in cases of theft, murder, etc., because forsooth the searching officers did not go to the premises armed with a warrant describing the particular property, is a view that we trust will never be entertained by this court. . . ."

In answer to Question No. 2, the stolen typewriter would provide the basis for a charge of theft or a charge of receiving and concealing stolen property, assuming that the State could meet its burden of proof.

In answer to Question No. 3, it is the opinion of this office that the stolen typewriter may be used in evidence, assuming that the discovery of such typewriter was made during the lawful execution of a valid search warrant as set out in the answer to Question No. 1.

You further request an opinion of this office concerning the following:

"'B' Driving at an illegal speed, failing to heed flashing caution light, collides

with another car and killing an occupant; later charged with negligent homicide, 2nd degree; comes into Court with an attorney and enters a plea of Nolo Contendere. The Court accepted the plea and fines him $XXXX dollars and costs; no jail sentence. The defendant properly filed his request for probation. The Court examined said request and placed him on one year probation. Defendant paid his fine and costs and walked out. The docket indicates the fine, costs and probation. Later, for cause the Court has him picked up for violating his probation (Section 6(a).

"Section 3(a) of said Article says, when Defendant punished by fine 'or' confinement in county jail, may be granted probation.

"Question: Where no jail sentence was given or docketed, just what does a court revoke?"

Article 42.13, 1966 Code of Criminal Procedure, provides, in part, as follows:

"Sec. 3 (a)  A defendant who has been found guilty of a misdemeanor wherein the maximum permissible punishment is by confinement in jail or by a fine in excess of $200 may be granted probation if: . . .

"Sec. 4.(a)  When a defendant is granted probation under the terms of this Act, the finding of guilt does not become final, nor may the court render judgment thereon, except as provided in Section 6 of this Article.

"(b)  The court shall record the fact and date that probation was granted on the docket sheet or in the minutes of the court. The court shall also note the period and terms of the probation, and the details of the judgment. The court's records may not reflect a final conviction, however, unless

probation is later revoked in accordance with
Section 6 of this Article.

    ". . . .

    "Sec. 6. (a) If a probationer violates any
terms of his probation, the court may cause
his arrest by warrant as in other cases. The
probationer upon arrest shall be brought prompt-
ly before the court causing his arrest and the
court, upon motion of the state and after a
hearing without a jury, may continue, modify,
or revoke the probation as the evidence war-
rants.

    "(b) On the date the probation is revoked,
the finding of guilty becomes final and the
court shall render judgment thereon against
the defendant. The judgment shall be enforced
as in other cases and the time served on pro-
bation may not be credited or otherwise con-
sidered for any purpose."

It is the opinion of this office that the defendant,
in the above circumstances has fully discharged the obligation
to the court at the time the fine and costs were paid. How-
ever, the terms of probation continued and the court must
formally revoke the probation of the defendant in order to
enter a final judgment of conviction.

## SUMMARY

    Where a valid search warrant is issued
to search for a stolen TV set, a stolen type-
writer not specifically named in the warrant
may be legally seized when it is observed
during the lawful execution of such warrant.
Assuming that the State can meet its burden
of proof, the stolen typewriter may be made
the basis for a charge of theft or receiving
and concealing stolen property. The type-
writer, being seized pursuant to a lawfully
executed search warrant, may be introduced
in evidence.

    A defendant who enters a plea of nolo
contendere, who is found guilty, who is

fined $XXXX and costs, who does not receive
a jail sentence and who pays his fine and
court costs is on probation until such time
as his probation is revoked.  It is neces-
sary for the court to revoke probation be-
fore a final judgment of guilty can be
entered.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: THOMAS W. MACK
Assistant Attorney General

TWM/er/br

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
John Banks
Howard M. Fender
Charles B. Swanner
Douglas H. Chilton

APPROVED FOR THE ATTORNEY GENERAL
By:  T. B. Wright