Margaret March ATES, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–81–0021–CR.

Court of Appeals of Texas, Tyler.

Nov. 4, 1982.

Mandate Issued Jan. 5, 1983.

George Conner, III, Lawrence & Lawrence, Tyler, for appellant.

Charles F. (Monty) Montgomery, Jr., Asst. Dist. Atty., Tyler, for appellee.

McKAY, Justice.

Appellant was convicted of aggravated robbery, and her punishment was assessed at 99 years. She entered a plea of not guilty in a jury trial.

In her first ground of error appellant contends that the evidence is insufficient to identify the perpetrator of the offense beyond a reasonable doubt, and therefore the trial court erred in overruling her motion for instructed verdict. The injured party and complaining witness was Princella Cheeks, an 80 year old woman with one eye, and appellant asserts that Cheeks failed to sufficiently identify appellant as the person who robbed her. Portions of Cheeks' testimony (all of the evidence relating to identification) are set out below.

The record reveals that a female person came to Cheeks' house and asked to borrow money. Cheeks refused to lend her money, and her assailant struck her on the head with a chair, and as a result she lost consciousness, was hospitalized, and it became necessary for one eye to be surgically removed.

On the question of identification when appellant was asked to rise and come around in front of the counsel table Cheeks said, "I guess this is her," and "This look like her." Then in answer to the question whether it looks like the person who came into your house that afternoon, the witness Cheeks said, "It don't look like—yes. It don't look large enough for her, the one I'm talking about." She was then asked, "As far as you know, you think that is the person," and the answer was, "I guess so, if that's her. I just had met her. She just came and sat on the porch. Is she a March there?" Cheeks was then told by the State's attorney that appellant's name was Margaret March Ates, and then she was asked "Does that help you know who she is?", and she answered "I guess. I told you I just met her three times. I think her name is Margaret. She used to live with an uncle of mine, Henry Cowden."

Later she was asked "And the person who did this, you thought her name was Margaret?", and she answered, "That's what they said. I had just met her three times. I didn't know the lady, not so well, you know . . . ." She was further asked, "Did you get a good look at the lady down here at the end of the table, Margaret March Ates, the lady that came up and stood in front of you?", and she answered, "Well, she looks like a bigger woman to me, I don't know, sir. I hadn't never met her but one time, three times." She was asked again "Is this the lady that you met three times?", and she answered, "I don't know, sir. I guess it is if her name is Margaret March or something." In response to the question "If that's her name, that's who you met?", she said, "That's who was there on my porch and hit me . . . ."

When the sufficiency of the evidence is challenged we are required to view the evidence in the light most favorable to the verdict. *Clark v. State*, 543 S.W.2d 125, 127 (Tex.Cr.App.1976); *McWherter v. State*, 624 S.W.2d 712, 713 (Tex.App.—Houston [14th Dist.] 1981).

■ When it is contended, however, that the evidence fails to meet the reasonable doubt standard a greater burden is imposed by art. 38.03, Tex.Code Crim.Pro.Ann., as amended 1981. The amendment provides " . . . no person may be convicted of an offense *unless each element* is proved beyond a reasonable doubt." (Emphasis added.)

■ The State had the burden of proving beyond a reasonable doubt that appellant was the person who assaulted Cheeks and robbed her. We have concluded the evidence does not identify appellant beyond a reasonable doubt as the person who committed the offense. Had the victim had normal eye sight, or had she been more mentally alert she might have been more positive in her identification of appellant. The strongest testimony from the victim was "I guess this is her," "This look like her," and in answer to the question "As far as you know, you think that is the person?", she said "I guess so, if that's her."

There are a number of cases holding that upon the question of identity a witness may

state his belief, or best impression or best judgment as to the identity of a person, and the fact that a person cannot be positive as to his identification goes to the weight of the testimony and is for the jury. *Smith v. State,* 135 Tex.Cr.R. 327, 119 S.W.2d 1039, 1043 (1938); *Miskell v. State,* 128 Tex.Cr.R. 213, 80 S.W.2d 759, 760 (1935); *Morse v. State,* 106 Tex.Cr.R. 520, 293 S.W. 568, 569 (1927); *Tate v. State,* 35 Tex.Cr.R. 231, 33 S.W. 121, 122 (1895).

In our opinion the instant case, in view of art. 38.03, is controlled by *Phillips v. State,* 164 Tex.Cr.R. 78, 297 S.W.2d 134, 135 (1957). In *Phillips* the complaining witness testified that the defendant looked like one of the men who came into her place and swindled her. She said "It looks like him." The State in *Phillips,* as in the instant case, had the burden of showing that the appellant was the person who committed the offense. The *Phillips* court held the State failed to discharge its burden on identification.

In *Phillips* 297 S.W.2d at page 135 it is said:

It is a well recognized principle of law in this state that, to sustain a conviction, it should appear not only that an offense as charged has been committed, but there should also be proof to a degree of certainty greater than a mere probability or strong suspicion tending to establish that the party charged was the person who committed it or was a participant in its commission. There must be legal and competent evidence pertinently identifying the defendant with the transaction constituting the offense charged against him.

We appreciate the difficulty attorneys have in attempting to elicit testimony from a witness such as the prosecuting witness in this case. However, before an accused may be convicted the evidence must demonstrate beyond a reasonable doubt that the accused is the person who committed the offense. In the instant case there was no evidence from any source except Cheeks which would put appellant at the house, entering the house or leaving the house of the injured party. We find her testimony insufficient to establish identification of appellant.

Appellant's first ground of error is sustained. Other grounds are not reached.

Judgment of the trial court is reversed, and the case is dismissed.