ACCEPTED
06-14-00088-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
12/22/2014 11:47:48 PM
DEBBIE AUTREY
CLERK

NOS. 06-14-00088-CR, 06-14-00089-CR,

06-14-00091-CR, 06-14-00092-CR

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
12/30/2014 1:59:00 PM
DEBBIE AUTREY
Clerk

_____

IN THE COURT OF APPEALS SIXTH DISTRICT

AT TEXARKANA, TEXAS

_____

SAMUEL DELEON GARZA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

APPEAL IN CAUSE NUMBERs 28,996, 28,997, 28,999,

AND 29,016

IN THE 196TH JUDICIAL DISTRICT COURT

OF HUNT COUNTY, TEXAS

_____

BRIEF FOR APPELLANT

_____

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Comes now the Appellant and submits this brief pursuant to the

provisions of the Texas Rules of Appellate Procedure in support of his

request for the judgment of convictions to be overturned.

Appellant Requests Oral Argument

# IDENTITY OF PARTIES AND COUNSEL

Appellant's Attorney:
Jason A. Duff
2615 Lee Street
P.O. Box 11
Greenville, Texas 75403-0011

Appellant's Trial Attorney:
Chris Castanon
P.O. Box 851266
Mesquite, Texas 75149

Appellee:
The State of Texas by and through
Noble Walker
Hunt County District Attorney
4th Floor Hunt County Courthouse
2500 Lee Street
Greenville, Texas 75401

Appellee's Trial Counsel:
G. Calvin Grogen, V
Hunt County District Attorney's Office
4th Floor Hunt County Courthouse
2500 Lee Street
Greenville, Texas 75401

# TABLE OF CONTENTS

Identity of the Parties and Counsel ............................................................2

Table of Contents ....................................................................................3

Index of Authorities .................................................................................4

Statement of the Case ..............................................................................6

Issues Presented .....................................................................................7

Statement of the Facts..............................................................................8

Summary of the Argument .........................................................................9

Argument and Authorities .........................................................................10

**Issue Number One**..................................................................10
The evidence is legally insufficient to prove beyond reasonable
doubt, that Appellant and the victim were in a 'dating
relationship" in these cases.

Prayer for relief .................................................................................. 16

Certificate of compliance of typeface and Word Count........................... 17

Certificate of Service..............................................................................18

# INDEX OF AUTHORITIES

**FEDERAL CASES:**

*Jackson v. Virginia,* 443 U.S. 307. .......................................................... 10

**STATE CASES:**

*Ates v. State*, 644 S.W.2d 843 (Tex.App.1982).......................................... 14

*Gross v. State,* 380 S.W.3d 181 (Tex.Crim.App.2012)…............................. 14

*Hooper v. State,* 214 S.W.3d 9, 15 (Tex.Crim.App.2007).......................... 14

*Laster v. State,* 275 S.W. 3d 512 (Tex. Crim. App. 2009) ......................... 10

*Johnson v. State* 673 SW. 2d 190 (Tex. Crim. App. 1984) ........................ 14

*Louis v. State*, 159S.W.3d 236(Tex. App.—Beaumont 2005, pet.ref'd) ..... 13

*Navarro v.State*, 810 S.W.2d 432 (Tex. App.—San Antonio 1991, pet. refd) ................................................................................................... 13

*Reedy v. State*, 214 S.W. 3d 567 (Tex. App.—Austin 2006) ..................... 13

*Shelton v. State*, 795 S.W.2d 162, 167 (Tex.Crim.App.1989). .................. 13

*Urbano v. State*, 837 S.W.2d 114, 116 (Tex.Crim.App. 1992)................... 13

*Washington v. State* 127 S.W. 3d 197 (Tex. App. Houston [1st Dist.] 2003, pet. dism'd). ............................................................................................. 10

**STATE STATUTES:**

Tex. Penal Code Ann. § 22.01(a)(1) (Casemaker 2014) ........................... 10

Tex. Fam. Code Ann. § 71.0021(b)&(c) (Casemaker 2014) ...................... 11

## STATEMENT OF THE CASE

This is an appeal of the judgments and sentences in a criminal case for the 196th Judicial District, in Hunt County, Texas. Appellant was convicted of Assault Family/Household Member W/ Prev Conv 28,996, Assault Family/Household Member W/ Prev Conv 28,997, Assault Family/Household Member W/ Prev Conv in 28,999, Assault Family/Household Member W/ Prev Conv in 29,016.

Appellant was assessed a sentence of 40 years 28,996, 52 years in 28,997, 45 years in 29,016, 80 in 29,017.

## ISSUES PRESENTED

**Issue One:** **The evidence is legally insufficient to prove beyond reasonable doubt, that Appellant and the Victim have a dating relationship.**

## STATEMENT OF THE FACTS

Maria Ulloa stated that she first met appellant in December of 2012. (RR Vol. 4 p. 94). Appellant got to know Ulloa because he had requested to see a truck she was selling. Ulloa testified that she was married to a man, other than the Appellant named Felipe Arreola, who was the father of her son. (RR Vol. 4. P. 95). Another man, Juan Arzola was the father of her other two children. (RR Vol. 4 p.95-96). Ulloa stated that Appellant would use her vehicle because he did not have his own, but would also use other people's as well. (RR Vol. 4 p.107). Ulloa, testified that Appellant assaulted her on February 2nd and 4th of 2013. (RR Vol. 4 p. 102), (RR Vol. 4 p. 108- 114).

## SUMMARY OF THE ARGUMENT

**Issue One:       The evidence is legally insufficient to prove beyond reasonable doubt, that Appellant committed Injury.**

The evidence presented at trial could not have led a rational jury to find that Appellant and the victim were in a dating relationship a defined by the Texas Family Code.  Concluding so, based on the evidence presented at trial, would have been speculation or suspicion by the factfinder.  Thus, the evidence is legally insufficient to convict Appellant in this case.

## ARGUMENT

### Issue One: The evidence is legally insufficient to support the conviction of Appellant

In a criminal case, an appellant may raise legal sufficiency for the first time on appeal. *Washington v. State* 127 S.W. 3d 197 (Tex. App. Houston [1st Dist.] 2003, pet. dism'd). When reviewing legal sufficiency of the evidence, a court must look at all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense were proven beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319; *Vodochodsky v. State,* 158 S.W. 3d 502, (Tex. Crim. App. 2005). While giving the proper deference to the factfinder's role this court must safeguard against the rare occurrence when a factfinder does not act rationally. *Laster v. State,* 275 S.W. 3d 512 (Tex. Crim. App. 2009).

In this case Appellant was charged Assault, Family Violence in each cause. (CR Vol. 1 p. 11). Under the Texas Penal Code, " [a] person commits an offense [of assault] if the person ... intentionally, knowingly, or recklessly, causes bodily injury to another...." Tex. Penal Code Ann. § 22.01(a)(1) (Casemaker 2014).

An assault becomes a felony in the third degree if at trial it is shown that the offence is committed against a person whose relationship to or association with the defendant is described in Section 71.0021(b). Tex. Penal Code Ann. § 22.01(b) (Casemaker 2014).

A dating relationship means a relationship between individuals who have or have had a continuing relationship of romantic or intimate nature. The existence of such a relationship; shall be determined based on consideration of:

(1) The length of the relationship;
(2) The nature of the relationship; and
(3) The frequency and type of interaction between the persons involved in the relationship.
(4)
Tex. Fam. Code Ann. § 71.0021(b) (Casemaker 2014).

A casual acquaintanceship or ordinary fraternization in a business or social context does not constitute a "dating relationship" under Subsection (b). Tex. Fam. Code Ann. § 71.0021(c) (Casemaker 2014).

Based on the evidence at trial the Appellant and Ulloa had no more than ordinary fraternization or acquaintanceship.

**The length of the relationship**

Here Ulloa testified that she first got to know the Appellant in December and after the incident on February 5, 2013 she did not see him

again until April 7, 2013.  The length of their acquaintance lasted no more than a mere month and a half to two months.

**The nature of the relationship**

Ulloa described her interactions with appellant to be not much more visits at her house.  Appellant's interactions amounted to little more than that he would visit her home and eat dinner that she had cooked.  (RR Vol. 4 p. 152).  It is true that she testified he stayed the evening, but it was never more than a few days and Appellant never had a key to her home. (RR Vol. 4 p. 98).  In fact ,at the time Appellant and Ulloa knew each other, Appellant did not have a job.  (RR Vol. 4 p. 97). There is never a clear indication that Appellant had his own place to stay and he relied on others for transportation.  (RR Vol. 4 p. 107)

Ulloa does not testify clearly that she had an intimate relationship with Appellant.  At best the evidence showed that Appellant stayed with Ulloa because he was homeless, and did not have means to support himself.

12

**The frequency and type of interaction between the persons involved in the relationship**

Again, Ulloa testified that Appellant stayed at her home no more than three times a week and even kept belongings at her house. (RR Vol. 4 p. 97). The evidence does not support more than Ulloa and Appellant staying and eating occasionally for a few months.

Proof that amounts to only a strong suspicion of guilt or a mere probability of guilt is insufficient to sustain a conviction. *Urbano v. State*, 837 S.W.2d 114, 116 (Tex.Crim.App. 1992); *Navarro v.State*, 810 S.W.2d 432, 435 (Tex. App.—San Antonio 1991, pet. refd).

If circumstantial evidence provides no more than a suspicion, the jury is not permitted to reach a speculative conclusion. *Louis v. State*, 159S.W.3d 236, 246 (Tex. App.—Beaumont 2005, pet.ref'd). It is the function of appellate courts to ensure that no one is convicted of a crime except upon proof beyond a reasonable doubt. *Shelton v. State*, 795 S.W.2d 162, 167 (Tex.Crim.App.1989). Due process requires no less. *Reedy v. State*, 214 S.W. 3d 567 (Tex. App.—Austin 2006).

In this case the State did not prove beyond a reasonable doubt that Defendant and the victim were in a "dating relationship." At most the

evidence shows that Appellant and the victim had a casual acquaintanceship, either in social context or even charity.

"It is a well-recognized principle of law in this State that, to sustain a conviction, it should appear not only that an offense as charged has been committed but there should also be proof to a degree of certainty greater than a mere probability of strong suspicion tending to establish that the party charged was the person who committed or was a participant in its commission. There must be legal and competent evidence pertinently identifying the defendant with the transaction constituting the offense charged against him." *Ates v. State*, 644 S.W.2d 843 (Tex.App.1982); *Johnson v. State* 673 SW. 2d 190 Tex. Crim. App. 1984).

Again, even if the fact finder accepts that the Appellant saw each other on a regular basis for a short time, based on the testimony of Ulloa there is simply no evidence that she and the Appellant were in a "dating relationship" defined under the code.

Juries are permitted to draw reasonable inferences from the evidence, but they are not permitted to draw conclusions based on speculation. *Gross v. State,* 380 S.W.3d 181 (Tex.Crim.App.2012); *Hooper v. State,* 214 S.W.3d 9, 15 (Tex.Crim.App.2007). Speculation is the mere

theorizing or guessing about the possible meaning of the facts and evidence presented *Id.* at 16.

Other witnesses, witnesses do not add evidence that Appellant was a party beyond a reasonable doubt. It would only be theorizing or guessing about the possible meaning of the facts and evidence presented to conclude that Appellant and Ulloa were in a dating relationship.

In this case, there was no testimony or evidence brought at trial that a rational jury could have found beyond a reasonable doubt that Appellant and Ulloa were in a dating relationship. Concluding so, based on the evidence presented at trial, would have been speculation or suspicion by the factfinder. Thus, the evidence is legally insufficient as indicted and with the evidence presented at trial. At most, Appellant should have been charged with Class A misdemeanors in these causes.

# PRAYER FOR RELIEF

Wherefore, premises considered, Appellant respectfully prays that his conviction in the above entitled and numbered cause be reversed and acquit him. Appellant further prays for all other lawful relief to which he may be entitled, at law or in equity.

Respectfully submitted,


_____/s/ Jason A. Duff_____
Jason A. Duff
State Bar No. 24059696
2615 Lee Street
P.O. Box 11
Greenville, TX  75403-0011
Attorney for the Appellant

**CERTIFICATE OF COMPLIANCE OF TYPEFACE AND WORD COUNT**

In accordance with Texas Rules of Appellate Procedure 9.4 (e) and (i), the undersigned attorney or record certifies that Appellants Brief contains 14-point typeface of the body of the brief, 12-point typeface for footnotes in the brief and contains 1,362 words, excluding those words identified as not being counted in appellate rule of procedure 9.4(i)(1), and was prepared on Microsoft Word 2010.

_____/s/ Jason A. Duff_____
Jason A. Duff
Attorney for the Appellant

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to Hunt County District Attorney Noble Walker, P.O. Box, 1097, Greenville, Texas 75403, and the Court of Appeals on this the 22nd day of December 2014, by Electronic Filing Service.

_____/s/ Jason A. Duff_____
Jason A. Duff
Attorney for the Appellant