ACCEPTED
06-14-00090-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
12/23/2014 12:40:42 AM
DEBBIE AUTREY
CLERK

NO. 06-14-00090-CR

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
12/30/2014 1:55:00 PM
DEBBIE AUTREY
Clerk

_____

IN THE COURT OF APPEALS SIXTH DISTRICT

AT TEXARKANA, TEXAS

_____

SAMUEL DELEON GARZA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

APPEAL IN CAUSE NUMBER 28,998

IN THE 196TH JUDICIAL DISTRICT COURT

OF HUNT COUNTY, TEXAS

_____

BRIEF FOR APPELLANT

_____

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Comes now the Appellant and submits this brief pursuant to the provisions of the Texas Rules of Appellate Procedure in support of his request for the judgment of convictions to be overturned.


Appellant Requests Oral Argument

# IDENTITY OF PARTIES AND COUNSEL

Appellant's Attorney:
Jason A. Duff
2615 Lee Street
P.O. Box 11
Greenville, Texas 75403-0011

Appellant's Trial Attorney:
Chris Castanon
P.O. Box 851266
Mesquite, Texas 75149

Appellee:
The State of Texas by and through
Noble Walker
Hunt County District Attorney
4th Floor Hunt County Courthouse
2500 Lee Street
Greenville, Texas 75401

Appellee's Trial Counsel:
G. Calvin Grogen, V
Hunt County District Attorney's Office
4th Floor Hunt County Courthouse
2500 Lee Street
Greenville, Texas 75401

# TABLE OF CONTENTS

Identity of the Parties and Counsel .............................................................2

Table of Contents ......................................................................................3

Index of Authorities ...................................................................................4

Statement of the Case ...............................................................................6

Issues Presented.......................................................................................7

Statement of the Facts...............................................................................8

Summary of the Argument ..........................................................................9

Argument and Authorities ..........................................................................10

    **Issue Number One**.................................................................................10
    The evidence is legally insufficient to prove beyond reasonable
    doubt, that Appellant committed Burglary of a Habitation.

Prayer for relief ....................................................................................... 16

Certificate of compliance of typeface and Word Count............................ 17

Certificate of Service................................................................................18

# INDEX OF AUTHORITIES

**FEDERAL CASES:**

*Jackson v. Virginia,* 443 U.S. 307. ......................................................... 10

**STATE CASES:**

*Ates v. State*, 644 S.W.2d 843 (Tex.App.1982)......................................... 10

*Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000)...................... 12

*Gollihar v. State*, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001) ................. 12

*Gross v. State,* 380 S.W.3d 181 (Tex.Crim.App.2012).….......................... 14

*Hooper v. State,* 214 S.W.3d 9, 15 (Tex.Crim.App.2007)......................... 14

*Laster v. State,* 275 S.W. 3d 512 (Tex. Crim. App. 2009) ........................ 10

*Johnson v. State* 673 SW. 2d 190 (Tex. Crim. App. 1984) ....................... 14

*Louis v. State*, 159S.W.3d 236(Tex. App.—Beaumont 2005, pet.ref'd) ..... 13

*Navarro v.State*, 810 S.W.2d 432 (Tex. App.—San Antonio 1991, pet. refd) ............................................................................................................... 13

*Reedy v. State*, 214 S.W. 3d 567 (Tex. App.—Austin 2006) .................... 13

*Shelton v. State*, 795 S.W.2d 162, 167 (Tex.Crim.App.1989). .................. 13

*Urbano v. State*, 837 S.W.2d 114, 116 (Tex.Crim.App. 1992)................... 13

*Washington v. State* 127 S.W. 3d 197 (Tex. App. Houston [1st Dist.] 2003, pet. dism'd). ............................................................................................... 10

**STATE STATUTES:**

Tex. Penal Code Ann. § 1.07(a)(8) (Casemaker 2014) ..............................11

Tex. Penal Code Ann. § 6.03(a)&(b) (Casemaker 2014)...........................11

Tex. Penal Code Ann. § 22.01(a)(1) (Casemaker 2014) ...........................11

Tex. Penal Code Ann. § 30.01(a)(3) (Casemaker 2014) ...........................10

Tex. Penal Code Ann. § 30.01(c)(2) (Casemaker 2014) ...........................11

## STATEMENT OF THE CASE

This is an appeal of the judgments and sentences in a criminal case for the 196th Judicial District, in Hunt County, Texas. Appellant was convicted of Burglary of a Habitation 28,998. Appellant was assessed a sentence of 73 years 28,998

# ISSUES PRESENTED

**Issue One:** **The evidence is legally insufficient to prove beyond reasonable doubt, that Appellant and the Victim have a dating relationship.**

## STATEMENT OF THE FACTS

The victim Maria Ulloa testified at trial that Appellant assaulted her on February 2, 2013. In that episode Ulloa stated that Appellant by striking her in the mouth and it caused her pain. (RR Vol. 4 p. 102-4) Ulloa then stated that two days later, on February 4, 2014 Appellant assaulted her again on two separate occasions. (RR Vol. 4 p 108). In the first instance of February 4, 2013, Ulna stated that the Appellant kicked her in the leg which caused pain and bruising. (RR Vol. 4 p.108-114). Then in the second episode of February 4, 2013, Appellant, according to Ulloa, arrived on her door step to apologize. (RR Vol. 4 p. 124). But when Ulloa refused to speak to Appellant, he apparently pushed her, yanked her hair, and stuck her till she was laying on the ground in pain. (RR Vol. 4. p. 123-128). Ulloa called 911 and made a police report. (RR Vol. 4 p. 128). Ulloa testified that After the police left and on the early morning of February 5, 2014 she barricade her bedroom door with a chair. (RR Vol. 4 p. 130). Ulloa further stated that Appellant broke through her barricade and hit her with his fists. (RR Vol. 4 p. 130).

## SUMMARY OF THE ARGUMENT

**Issue One:** **The evidence is legally insufficient to prove beyond reasonable doubt, that Appellant committed Assault .**

The evidence presented at trial could not have led a rational jury to find that Appellant committed assault in the course of an unlawful entry. Concluding so, based on the evidence presented at trial, would have been speculation or suspicion by the factfinder. Thus, the evidence is legally insufficient to convict Appellant in this case.

# **ARGUMENT**

## **Issue One: The evidence is legally insufficient to support the conviction of Appellant**

An appellant may raise legal sufficiency for the first time on appeal in a criminal case. *Washington v. State* 127 S.W. 3d 197 (Tex. App. Houston [1st Dist.] 2003, pet. dism'd). A court must look at all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense were proven beyond a reasonable doubt, when reviewing legal sufficiency of the evidence,. *Jackson v. Virginia,* 443 U.S. 307, 319; *Vodochodsky v. State,* 158 S.W. 3d 502, (Tex. Crim. App. 2005). While giving the proper deference to the factfinder's role this court must safeguard against the rare occurrence when a factfinder does not act rationally. *Laster v. State,* 275 S.W. 3d 512 (Tex. Crim. App. 2009).

In this case Appellant was charged Burglary of a Habitation. (CR Vol. 1 p. 10). Under the Texas Penal Code, " [a] person commits an offense [of burglary] if without the effective consent of the owner, enters a building or a habitation commits or attempts to commit an assault" Tex. Penal Code Ann. § 30.01(a)(3) (Casemaker 2014).

Burglary becomes a felony in the second degree if at trial it is shown that the offense is committed in a habitation. Tex. Penal Code Ann. §30.01(c)(2) (Casemaker 2014).

By statute and by its indictment the State must also prove Appellant committed Assault. Under the Texas Penal Code, " [a] person commits an offense [of assault] if the person ... intentionally, knowingly, or recklessly, causes bodily injury to another...." Tex. Penal Code Ann. § 22.01(a)(1) (Casemaker 2014).

'Bodily injury' means physical pain, illness, or any impairment of physical condition." Id. at § 1.07(a)(8).

The state must prove that Defendant acted with a conscious objective or desire to cause the result, or that he was aware that his conduct was reasonably certain to cause the result. Tex. Penal Code Ann. § 6.03(a)&(b) (Casemaker 2014).

Here, Ulloa did testify that Appellant broke through the door of her bedroom. But there is no evidence that this entry caused bodily injury. It is true that the State introduced photographic evidence of the state of Ulloa after the break in, but no affirmative link that the depiction or bodily injury was the result of the February 5, 2013 break in and not the prior alleged assaults. Ulloa does not affirmatively testify that during this criminal

11

episode she experienced physical pain, illness, or any impairment of physical condition as a result of the Appellant's entry into her room and striking her on February 5, 2014.

A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient. Tex. Penal Code Ann. § 6.04(a) (Casemaker 2014).

In this case the State specifically limited its indictment to include only the language that Appellant committed assault with no mention of attempt.

The hypothetically correct jury charge cannot completely rewrite the indictment, but such a charge need not "track exactly all of the allegations in the indictment." Gollihar v. State, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001). The "'law' as 'authorized by the indictment' must be the statutory elements" of the offense charged "as modified by the charging instrument." *Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000), overruled in part on other grounds by Gollihar, 46 S.W.3d 243. Thus, if the essential elements of the offense are modified by the indictment, the modification must be included. Gollihar, 46 S.W.3d at 254. However, the hypothetically

correct charge "need not incorporate allegations that give rise to immaterial variances." Id. at 256.

Here, any variance is in the allegations made between the indictment and the charge are material. The State alleged that the offensive conduct of committing assault in the course of an unlawful entry. At trial the state did not prove beyond a reasonable doubt that Ulloa suffered bodily injury. The only evidence relating to her injuries were linked to the prior assaults on February 4, 2013.

Proof that amounts to only a strong suspicion of guilt or a mere probability of guilt is insufficient to sustain a conviction. *Urbano v. State*, 837 S.W.2d 114, 116 (Tex.Crim.App. 1992); *Navarro v.State*, 810 S.W.2d 432, 435 (Tex. App.—San Antonio 1991, pet. refd).

If circumstantial evidence provides no more than a suspicion, the jury is not permitted to reach a speculative conclusion. *Louis v. State*, 159S.W.3d 236, 246 (Tex. App.—Beaumont 2005, pet.ref'd). It is the function of appellate courts to ensure that no one is convicted of a crime except upon proof beyond a reasonable doubt. *Shelton v. State*, 795 S.W.2d 162, 167 (Tex.Crim.App.1989). Due process requires no less. *Reedy v. State*, 214 S.W. 3d 567 (Tex. App.—Austin 2006).

"It is a well-recognized principle of law in this State that, to sustain a conviction, it should appear not only that an offense as charged has been committed but there should also be proof to a degree of certainty greater than a mere probability of strong suspicion tending to establish that the party charged was the person who committed or was a participant in its commission. There must be legal and competent evidence pertinently identifying the defendant with the transaction constituting the offense charged against him." *Ates v. State*, 644 S.W.2d 843 (Tex.App.1982); *Johnson v. State* 673 SW. 2d 190 Tex. Crim. App. 1984).

Juries are permitted to draw reasonable inferences from the evidence, but they are not permitted to draw conclusions based on speculation. *Gross v. State,* 380 S.W.3d 181 (Tex.Crim.App.2012); *Hooper v. State,* 214 S.W.3d 9, 15 (Tex.Crim.App.2007). Speculation is the mere theorizing or guessing about the possible meaning of the facts and evidence presented *Id.* at 16.

Other witnesses, witnesses do not add evidence that caused bodily injury by the February 5, 2013 entry to Ullna's room. It would only be theorizing or guessing about the possible meaning of the facts and evidence presented to conclude that Appellant caused the injury in this separate offense.

In this case, there was no testimony or evidence brought at trial that a rational jury could have found beyond a reasonable doubt that Appellant is guilty of this specific offense. Concluding so, based on the evidence presented at trial, would have been speculation or suspicion by the factfinder. Thus, the evidence is legally insufficient as indicted.

## **PRAYER FOR RELIEF**

Wherefore, premises considered, Appellant respectfully prays that his conviction in the above entitled and numbered cause be reversed and acquit him. Appellant further prays for all other lawful relief to which he may be entitled, at law or in equity.

Respectfully submitted,


_____*/s/ Jason A. Duff*_____
Jason A. Duff
State Bar No. 24059696
2615 Lee Street
P.O. Box 11
Greenville, TX  75403-0011
Attorney for the Appellant

16

**CERTIFICATE OF COMPLIANCE OF TYPEFACE AND WORD COUNT**

In accordance with Texas Rules of Appellate Procedure 9.4 (e) and (i), the undersigned attorney or record certifies that Appellants Brief contains 14-point typeface of the body of the brief, 12-point typeface for footnotes in the brief and contains 1,378 words, excluding those words identified as not being counted in appellate rule of procedure 9.4(i)(1), and was prepared on Microsoft Word 2010.


_____/s/ Jason A. Duff_____
Jason A. Duff
Attorney for the Appellant

## CERTIFICATE OF SERVICE

hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to Hunt County District Attorney Noble Walker, P.O. Box, 1097, Greenville, Texas 75403, and the Court of Appeals on this the 22nd day of December 2014, by Electronic Filing Service.


_____*/s/ Jason A. Duff*_____
Jason A. Duff
Attorney for the Appellant