ACCEPTED
06-14-00093-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
12/22/2014 9:33:17 PM
DEBBIE AUTREY
CLERK

NO. 06-14-00093-CR

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
12/30/2014 1:52:00 PM
DEBBIE AUTREY
Clerk

IN THE COURT OF APPEALS SIXTH DISTRICT

AT TEXARKANA, TEXAS

SAMUEL DELEON GARZA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

APPEAL IN CAUSE NUMBER 29,017

IN THE 196TH JUDICIAL DISTRICT COURT

OF HUNT COUNTY, TEXAS

BRIEF FOR APPELLANT

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Comes now the Appellant and submits this brief pursuant to the provisions of the Texas Rules of Appellate Procedure in support of his request for the judgment of convictions to be overturned.

Appellant Requests Oral Argument

# IDENTITY OF PARTIES AND COUNSEL

Appellant's Attorney:
Jason A. Duff
2615 Lee Street
P.O. Box 11
Greenville, Texas 75403-0011

Appellant's Trial Attorney:
Chris Castanon
P.O. Box 851266
Mesquite, Texas 75149

Appellee:
The State of Texas by and through
Noble Walker
Hunt County District Attorney
4th Floor Hunt County Courthouse
2500 Lee Street
Greenville, Texas 75401

Appellee's Trial Counsel:
G. Calvin Grogen, V
Hunt County District Attorney's Office
4th Floor Hunt County Courthouse
2500 Lee Street
Greenville, Texas 75401

# TABLE OF CONTENTS

Identity of the Parties and Counsel .............................................................2

Table of Contents ....................................................................................3

Index of Authorities .................................................................................4

Statement of the Case ..............................................................................7

Issues Presented .....................................................................................8

Statement of the Facts..............................................................................9

Summary of the Argument ........................................................................13

Argument and Authorities ........................................................................14

**Issue Number One**................................................................................14
The evidence is legally insufficient to prove beyond reasonable
doubt, that Appellant committed Retaliation as indicted.

Prayer for relief ..................................................................................... 29

Certificate of compliance of typeface and Word Count........................... 30

Certificate of Service................................................................................31

# INDEX OF AUTHORITIES

**FEDERAL CASES:**

*Jackson v. Virginia,* 443 U.S. 307. ........................................................12

**STATE CASES:**

*Ates v. State*, 644 S.W.2d 843 (Tex.App.1982).........................................14

*Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000)......................15

*Gollihar v. State*, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001) ..................15

*Gross v. State,* 380 S.W.3d 181 (Tex.Crim.App.2012)…..........................17

*Hooper v. State,* 214 S.W.3d 9, 15 (Tex.Crim.App.2007).........................17

*Laster v. State,* 275 S.W. 3d 512 (Tex. Crim. App. 2009) ........................12

*Johnson v. State* 673 SW. 2d 190 (Tex. Crim. App. 1984) .......................14

*Louis v. State*, 159S.W.3d 236(Tex. App.—Beaumont 2005, pet.ref'd) .....13

*Navarro v.State*, 810 S.W.2d 432 (Tex. App.—San Antonio 1991, pet. refd) .................................................................................................13

*Reedy v. State*, 214 S.W. 3d 567 (Tex. App.—Austin 2006) ....................13

*Shelton v. State*, 795 S.W.2d 162, 167 (Tex.Crim.App.1989). ...................13

*Urbano v. State*, 837 S.W.2d 114, 116 (Tex.Crim.App. 1992)....................13

*Washington v. State* 127 S.W. 3d 197 (Tex. App. Houston [1st Dist.] 2003, pet. dism'd). .............................................................................................13

**STATE STATUTES:**

Tex. Penal Code Ann. § 6.03(a)&(b) (Casemaker 2014)...........................13

Tex. Penal Code Ann. § 36.06(a)(1)(A)&(B) (Casemaker 2014) ...............13

## STATEMENT OF THE CASE

This is an appeal of the judgment and sentence in a criminal case for the 196th Judicial District, in Hunt County, Texas. Appellant was convicted of, Obstruction or Retaliation in 29,017.

Appellant was assessed a sentence of 80 years in 29,017 by the Jury.

## ISSUE PRESENTED

**Issue One:** The evidence is legally insufficient to prove beyond reasonable doubt, that Appellant committed Retaliation.

# STATEMENT OF THE FACTS

On May 31, 2013 the grand jury returned an indictment for appellant

for relation alleged to have occurred on February 8, 2014. The Indictment

read as follows:

"THE GRAND JURORS, FOR THE COUNTY OF HUNT, STATE OF
TEXAS, DULY SELECTED, IMPANELED, SWORN, ORGANIZED, AND
CHARGED TO INQUIRE OF OFFENSESCOMMITTED IN SAID COUNTY
AND STATE, UPON THEIR OATHS PRESENT IN AND TO SAID COURT
THAT ON OR ABOUT THE 8'" DAY OF FEBRUARY , 2013, A. D., IN THE
COUNTYAND STATE: AFORESAID, AND BEFORE THE PRESENTMEI
IT OF THIS INDICTMENT;

**SAMUEL DELEON GARZA**

did then and there intentionally or knowingly harm or threaten to harm
MARIA ULLOA, hereinafter called Complainant, by an unlawful act,
namely:

(1) On February 4, 2013, Defendant harmed Complainant by kicking
Complainant's leg or by pushing Complainant to or against the floor;

(2) On February 4, 2013, Defendant harmed Complainant by pushing
Complainant to or against the floor or by striking Complainant's chest or
body;

(3) On February 5, 2013, Defendant: harmed Complainant by striking
Complainant's head or face or by pulling Complainant's hair or by pushing
Complainant to or against the floor; OR

(4) On February 8, 2013, Defendant harmed or threatened to harm
Complainant by breaking her vehicle's window and texting "Eye for an eye!

Bitch";

and said unlawful act was in retaliation for or on account of the service or status of Complainant as a witness or a prospective witness or an informant or a person who had reported the occurrence of a crime, *namely:*

And it is further presented in and to said Court that, prior to the commission of the aforesaid offense, on the 19th day of FEBRUARY, 2009 A.D., in cause number 24508 in the 354'" JUDICIAL DISTRICT COURT of HUNT County, Texas, the Defendant was convicted of POSSESSION OF A CONTROLLED SUBSTANCE, NAMELY METHAMPHETAMINE, IN AN AMOUNT OF 4 GRAMS OR ORE BUT LESS THAN 200 GRAMS and said conviction is a final conviction;

And it is further presented in and to said Court that, prior to the commission of the aforesaid offenses, on the 28th day of FEBRUARY, 2011 A.D., in cause number 26935 in the 354th JUDICIAL DISTRICT COURT of HUNT County, Texas, the Defendant was convicted of POSSESSION OF A CONTROLLED SUBSTANCE PG 1 >=1G<4G and said conviction is a final conviction;

AGAINST THE PEACE AND DIGNITY OF THE STATE."

(CR Vol. p.10-11)(*emphasis added*)

At trial, the alleged victim Maria Ulloa stated that she first met appellant in December of 2012. (RR Vol. 4 p. 94). Ulloa, testified that Appellant assaulted her on February 2nd and 4th of 2013. (RR Vol. 4 p. 102), (RR Vol. 4 p. 108- 114). Ulloa then testified that Appellant burglarized her home in the early morning of February 5, 2014 (RR Vol. 130). After those instances Ulloa directed Appellant to g to her truck and retrieve any of his property including his speakers. (RR Vol. 4 p. 137). Not

9

long after telling Appellant to retrieve his things Ulloa received a text message from someone she had in her phone as "Kelcie." (RR Vol. 10 State's Exhibit 66). Victim did not see Appellant again until April 7, 2013. (RR Vol. 4 p. 143).

## SUMMARY OF THE ARGUMENT

**Issue One:     The evidence is legally insufficient to prove beyond reasonable doubt, that Appellant committed Retaliation.**

The evidence presented at trial could not have led a rational jury to find that Appellant's unlawful acts were in retaliation in retaliation for or on account of the service or status of Ulloa as a witness or a prospective witness or an informant or a person who had reported the occurrence of crimes in that were finalized in 2009 and 2011. Concluding so, based on the evidence presented at trial, would have been speculation or suspicion by the factfinder.  Thus, the evidence is legally insufficient to convict Appellant in this case.

**ARGUMENT**

**Issue One: The evidence is legally insufficient to support**

**the conviction of Appellant**

In a criminal case, an appellant may raise legal sufficiency for the first time on appeal. *Washington v. State* 127 S.W. 3d 197 (Tex. App. Houston [1st Dist.] 2003, pet. dism'd). When reviewing legal sufficiency of the evidence, a court must look at all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense were proven beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319; *Vodochodsky v. State,* 158 S.W. 3d 502, (Tex. Crim. App. 2005). While giving the proper deference to the factfinder's role this court must safeguard against the rare occurrence when a factfinder does not act rationally. *Laster v. State,* 275 S.W. 3d 512 (Tex. Crim. App. 2009).

In this case Appellant was charged with Retaliation. (CR Vol. 1 p. 10). Under the Texas Penal Code, " [a] person commits an offense if he ... intentionally or knowingly harms or threatens to harm another by an unlawful act, in retaliation for or on account of the service or status of another as a witness, prospective witness, informant, a person who has

reported, or who the actor knows intends to report the occurrence of a crime. Tex. Penal Code Ann. § 36.06(a)(1)(A)&(B) (Casemaker 2014).

The state must prove that Defendant acted with a conscious objective or desire to cause the result, or that he was aware that his conduct was reasonably certain to cause the result. Tex. Penal Code Ann. § 6.03(a)&(b) (Casemaker 2014).

Proof that amounts to only a strong suspicion of guilt or a mere probability of guilt is insufficient to sustain a conviction. *Urbano v. State*, 837 S.W.2d 114, 116 (Tex.Crim.App. 1992); *Navarro v.State*, 810 S.W.2d 432, 435 (Tex. App.—San Antonio 1991, pet. refd).

If circumstantial evidence provides no more than a suspicion, the jury is not permitted to reach a speculative conclusion. *Louis v. State*, 159S.W.3d 236, 246 (Tex. App.—Beaumont 2005, pet.ref'd). It is the function of appellate courts to ensure that no one is convicted of a crime except upon proof beyond a reasonable doubt. *Shelton v. State*, 795 S.W.2d 162, 167 (Tex.Crim.App.1989). Due process requires no less. *Reedy v. State*, 214 S.W. 3d 567 (Tex. App.—Austin 2006).

In this case the State did not prove beyond a reasonable doubt that Defendant acted with a conscious objective or desire to cause the result, or that he was aware that his conduct was reasonably certain to be in

13

retaliation of anything as alleged in the indictment or otherwise. There is no evidence that the actions of Defendant were made in retaliation for the service or status of Ulloa as a witness or prospective witness or an informant or a person how had reported the occurrence of a crime.

"It is a well-recognized principle of law in this State that, to sustain a conviction, it should appear not only that an offense as charged has been committed but there should also be proof to a degree of certainty greater than a mere probability of strong suspicion tending to establish that the party charged was the person who committed or was a participant in its commission. There must be legal and competent evidence pertinently identifying the defendant with the transaction constituting the offense charged against him." *Ates v. State*, 644 S.W.2d 843 (Tex.App.1982); *Johnson v. State* 673 SW. 2d 190 Tex. Crim. App. 1984).

In this case the State alleged that Appellant retaliated on the victim in the form of his acts committed on February 4, 5, and 8, 2013. State alleged further that the retaliating acts were the result of that the and said unlawful act was in retaliation for or on account of the service or status of Ulloa as a witness or a prospective witness or an informant or a person who had reported the occurrence of crimes that occurred prior to February 2009 and February 2011. (CR Vol. 1 p. 10). Yet by the victim's own

14

testimony, she did not even meet Appellant until December of 2012. (RR Vol. 4 p. 94).

The evidence presented at trial clearly does not prove beyond a reasonable doubt that Appellant committed Retaliation as alleged. Even the court's charge fails to otherwise clarify if the State alleged some other offence. (CR Vol. 1 p.76).

The hypothetically correct jury charge cannot completely rewrite the indictment, but such a charge need not "track exactly all of the allegations in the indictment." Gollihar v. State, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001). The "'law' as 'authorized by the indictment' must be the statutory elements" of the offense charged "as modified by the charging instrument." Curry v. State, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000), overruled in part on other grounds by Gollihar, 46 S.W.3d 243. Thus, if the essential elements of the offense are modified by the indictment, the modification must be included. Gollihar, 46 S.W.3d at 254. However, the hypothetically correct charge "need not incorporate allegations that give rise to immaterial variances." Id. at 256.

Here, any variance is in the allegations made between the indictment and the charge are material. The State alleged that the offensive conduct was in retaliation the victim's status relating to crimes that occurred before

the victim even knew appellant. Even if, in the unlikely instance that victim was the individual reporting the 2009, and 2011 crimes, there is no evidence that she had a status as a witness, or reporter in connection to those crimes. Moreover, there is no evidence that Appellant made any act in retaliation to her connection the 2009 and 2011 crimes.

Even if this Court rejects the above argument that there is no evidence Appellant committed the crime specifically alleged in the indictment, the evidence is insufficient to prove that Appellant was the individual who destroyed the victims truck window or sent her any text message. Once more the evidence is in sufficient that Appellant acted with the conscious object to retaliate on the victim for her reporting of any crime.

Furthermore if the factfinder accepts the contention that the victims truck window was smashed after a confrontation with the Appellant and that victim received a text message from someone stating "eye for an eye," the evidence is still insufficient that Appellant is actually the individual to commit those acts on February 8, 2013. (RR Vol. 10 State's Exhibit 66).

The State failed present evidence that Defendant's actions amounted to a conscious objective or desire for the broken window and text message to be in retaliation of a prior crime. Moreover there is simply insufficient

16

evidence that Appellant's mental state was related the specific occurrences testified to by the victim.

Juries are permitted to draw reasonable inferences from the evidence, but they are not permitted to draw conclusions based on speculation. *Gross v. State,* 380 S.W.3d 181 (Tex.Crim.App.2012); *Hooper v. State,* 214 S.W.3d 9, 15 (Tex.Crim.App.2007). Speculation is the mere theorizing or guessing about the possible meaning of the facts and evidence presented *Id.* at 16.

Other witnesses, do not add evidence that Appellant was a guilty beyond a reasonable doubt. It would only be theorizing or guessing about the possible meaning of the facts and evidence presented to conclude that Appellant acted in retaliation on February 8, 2013.

In this case, there was no testimony or evidence brought at trial that a rational jury could have found beyond a reasonable doubt that Appellant committed Retaliation or was responsible under Texas Penal Code.

Concluding so, based on the evidence presented at trial, would have been speculation or suspicion by the factfinder. Thus, the evidence is legally insufficient to convict Appellant of Retaliation in this case.

## PRAYER FOR RELIEF

Wherefore, premises considered, Appellant respectfully prays that his conviction in the above entitled and numbered cause be reversed and acquit him. Appellant further prays for all other lawful relief to which he may be entitled, at law or in equity.

Respectfully submitted,

_____/s/ Jason A. Duff_____
Jason A. Duff
State Bar No. 24059696
2615 Lee Street
P.O. Box 11
Greenville, TX 75403-0011
Attorney for the Appellant

**CERTIFICATE OF COMPLIANCE OF TYPEFACE AND WORD COUNT**

In accordance with Texas Rules of Appellate Procedure 9.4 (e) and (i), the undersigned attorney or record certifies that Appellants Brief contains 14-point typeface of the body of the brief, 12-point typeface for footnotes in the brief and contains 1,945 words, excluding those words identified as not being counted in appellate rule of procedure 9.4(i)(1), and was prepared on Microsoft Word 2010.


_____/s/ Jason A. Duff_____
Jason A. Duff
Attorney for the Appellant

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to Hunt County District Attorney Noble Walker, P.O. Box, 1097, Greenville, Texas 75403, and the Court of Appeals on this the 22nd day of December 2014, by Electronic Filing Service.

_____/s/ Jason A. Duff_____
Jason A. Duff
Attorney for the Appellant